### HAYS *v.* PITTSBURGH, G. & B. PACKET Co.

*(District Court, W. D. Pennsylvania.* January 13, 1888.)

1. ADMIRALTY—PLEADING—PROOF.

While technical rules of common-law pleading do not prevail in admiralty, still, to entitle the libelant to a decree, there must be a substantial agreement between the allegations of the libel and the proofs; hence, a libel which sets up an express contract as the cause of suit is not sustained by proof of a naked tort.

2. SALE—WHEN TITLE PASSES—LOADING GOODS.

Under a contract for the sale of a full boat-load of coal-slack, the slack to be loaded by the vendor into the flat-boat of the vendee, the title to the slack does not pass to the purchaser as fast as it is put into the boat in the course of filling it.

In Admiralty.

Libel brought by W. S. B. Hays against the Pittsburgh, Geneva & Brownsville Packet Company.

*Knox & Reed*, for libelant.

*Geo. W. Acklin*, for respondent.

ACHESON, J. While technical rules of common-law pleading do not prevail in admiralty, still, to entitle a libelant to a decree, there must be a substantial agreement between the allegations of the libel and the proofs. *McKinlay* v. *Morrish*, 21 How. 343. But here there is an entire lack of

such correspondence. The libel is expressly framed as "in a cause of contract," and sets up an actual sale and delivery by the libelant to the respondent of certain coal-slack at an agreed price. But the proofs show nothing of the kind. Indeed, there is no element of contract in the whole transaction. If the libelant has any cause of action against the respondent, it is for the tortious acts of the agents of the latter in taking and using his property. Under the libelant's proofs it is very doubtful whether the case is one in which there might be a waiver of the tort, and a recovery had as upon an implied promise to pay. But the libel presents no case of that character. Besides, the second paragraph of the libel, under which the claim for demurrage is made, is framed upon an entire misconception of the true facts.

But, considered on its merits, the libelant's case fails. It is clear that the title to the slack in question had not passed to the libelant, but that it remained the property of the Climax Coal Company when taken by the respondent's agents. The Climax Coal Company had undertaken to fill the flat-boat with coal-slack. The sale was of a full load of slack; but the boat was only partially filled when the slack was taken therefrom. The contract was still executory. The libelant was not bound to accept the flat-boat only a third or one-half full. If the boat had then been swept away by a flood the loss of the slack would have fallen on the coal company. True, the flat-boat belonged to the libelant, but the title to the slack did not pass to him as fast as it was loaded into the boat. *Nesbit* v. *Berry*, 25 Pa. St. 208; *Oil Co.* v. *Hughey*, 56 Pa. St. 322; *Sneathen* v. *Grubbs*, 88 Pa. St. 147. There is no evidence or circumstance indicating that it was the understanding or intention of the parties that, during the progress of the filling of the flat-boat, the title to each bushel of slack as it was loaded should pass to the purchaser. Now, it appears that an arrangement had been entered into between Capt. Cock, of the respondent's steam-boat Germania, and John E. Leonard, one of the partners of the Climax Coal Company, that the steam-boat, when in need of fuel, might at any time take slack out of any flat-boats in progress of being filled at the tipple of the company's works. This was a continuing contract. True, Leonard, it seems, had gone out of the firm shortly before this particular occurrence; but that fact was not known to Capt. Cock, and under his arrangement he was justified in taking the slack in question. The only wrongful act done was the taking of the flat-boat away from the tipple and not returning it for two or three days, but that small trespass is not the real subject-matter of this suit. Upon the whole, I am of the opinion that the libelant is not entitled to the relief here sought. If he has suffered the damages alleged he must look for redress to the Climax Coal Company.

The libel must be dismissed, and the libelant adjudged to pay the costs to the extent of the entire fees of the marshal, clerk, and commissioner; but, as the Germania was in fault in removing the libelant's flat-boat, and there seemed to be some good ground for this suit, I think it would be right to deny costs to the respondent, and all costs save the fees above specified. Let a decree be drawn in accordance with this opinion.